IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID LIRA, on behalf of himself and all others similarly situated, § § § § | | |
| Plaintiff, § § | CIVIL ACTION NO: 2:17-cv-00114 | |
| vs. § § | | |
| R. GUERRERO'S CONSTRUCTION, LLC d/b/a GUERRERO'S CONSTRUCTION, INC., and ROBERTO GUERRERO, § § § § § | | |
| Defendants. § | | |

## COMPLAINT-COLLECTIVE ACTION

Plaintiff David Lira, on behalf of himself and all others similarly situated, for his Complaint against R. Guerrero's Construction, LLC d/b/a Guerrero's Construction, Inc. ("Guerrero") states and alleges as follows:

### SUMMARY

1. R. Guerrero's Construction, LLC d/b/a Guerrero's Construction, Inc. ("Guerrero" or "Defendant") required and/or permitted David Lira (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week but refused to compensate them properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act ("FLSA"), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff David Lira and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Texas because Defendant engages in business here.

## THE PARTIES

6. Plaintiff David Lira is a resident of Amarillo, Texas. Mr. Lira's written consent to this action is attached as Exhibit "A."

7. Opt-in Plaintiff Minerva Anchondo is a resident of Amarillo, Texas. Ms. Anchondo's written consent to this action is attached as Exhibit "B."

8. The Class Members are Defendant's hourly paid framers employed at any time during the three year period immediately preceding the filing of this suit.

9. Defendant R. Guerrero's Construction, LLC d/b/a Guerrero's Construction, Inc. ("Guerrero"), is a domestic limited liability company. Service of process may be had on Defendant through its registered agent: Roberto T. Guerrero, 23300 I-35N, West, Texas 76691 or wherever he may be found.

10. Defendant Roberto T. Guerrero is a resident of Texas. Mr. Guerrero can be served with process at 23300 I-35N, West, Texas 76691 or wherever he may be found. Roberto T. Guerrero serves as Director and Officer of R. Guerrero's Construction, LLC d/b/a Guerrero's Construction, Inc. ("Guerrero"). Roberto T. Guerrero has operational control over Guerrero's compliance with the FLSA's overtime wage provisions. He made the policy and operational decisions which resulted in the FLSA violations complained of in this lawsuit. Roberto T. Guerrero has the authority to hire and fire Plaintiff and Class Members. Roberto T. Guerrero had supervisory authority over Plaintiff and Class Members established their job duties and responsibilities.

## COVERAGE

11. Defendants are an enterprise that engages in commerce or in the production of goods for commerce.

12. Defendants acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

13. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

14. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

15. Defendants employed Plaintiff and Class Members as framers.

16. Defendants paid its framers a base hourly rate.

17. Plaintiff and Class Members regularly worked in excess of 40 hours in a workweek.

18. While Defendants, on occasion, pay Plaintiff and Class Members additional compensation for overtime hours, Defendant systematically pays less than the full time-and-one-half overtime premium required by law.

19. In addition, Defendants systematically fail to track, record, and pay Plaintiff and Class Members for all hours worked.

20. Defendants regularly exclude from compensable time driving time, even though Plaintiff and Class Members perform work before drive time begins and driving back to Defendant's premises.

21. Defendants also fail to keep accurate records of hours worked by Plaintiff and Class Members.

## CLASS ALLEGATIONS

22. Plaintiff has actual knowledge that other Class Members have been denied proper overtime pay for hours worked over forty in a workweek.

23. Although Defendants have suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendants have denied them full compensation for their hours worked over forty.

24. Plaintiff and Class Members perform or have performed the same or similar work.

25. Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

26. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

27. Plaintiff's experience is typical of the experiences of the Class Members.

28. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

29. All Class Members, irrespective of their particular job requirements, are entitled to proper overtime compensation for hours worked in excess of forty during a workweek.

30. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

31. The class of similarly situated plaintiffs is properly defined as follows:

**All persons employed by Defendant as framers in the last three years.**

### CAUSES OF ACTION

32. Plaintiff incorporates all allegations contained in the preceding paragraphs.

33. At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

34. Defendants' failure to pay proper overtime compensation to Plaintiff and Class Members violates the FLSA.

35. Accordingly, Plaintiff and Class Members are entitled to compensation for overtime hours worked.

36. Additionally, Plaintiff and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

37. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

38. Alternatively, should the Court find Defendants have acted in good faith and that they had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

39. Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

A. proper overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including non-discretionary per diem bonuses;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and

F. such other relief as to which Plaintiff and Class Members may be entitled.

Respectfully Submitted:

Young & Newsom, P.C.
Jeremi K. Young, State Bar No. 24013793
Collin Wynne, State Bar No. 24068815
Tim Newsom, State Bar No. 00784677
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800
Fax: (806) 398.9095
jyoung@youngfirm.com
collin@youngfirm.com
tim@youngfirm.com


By: /s/ Jeremi K. Young
      Jeremi K. Young

*Attorneys for Plaintiff & Class Members*